IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MIKE ALLEN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 20-4066-TC-GEB |
| | ) |
| **LAUREATE EDUCATION and** | ) |
| **WALDEN UNIVERSITY,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## **REPORT AND RECOMMENDATION**

Mike Allen, proceeding pro se, brings this action against Laureate Education, which he alleges is a for-profit academic institution in the state of Maryland, and Walden University, School of Public Policy and Administration, located in Minnesota. Plaintiff, a doctoral student, alleges a violation of his civil rights under 28 U.S.C. § 1343. He claims Walden University is "holding his graduation by ignoring his repeated attempts to finalize the [My Doctoral Research] steps." (ECF No. 1 at 4.) He alleges he concluded his dissertation study in Jun 2020, but his requests to finish his final residency associated with the program have been repeatedly ignored by the School Advisor. (*Id*.) If the school will not formally acknowledge his study and permit him to graduate, Plaintiff seeks a "complete refund of the tuition fees paid since the start of the PhD. Program ($75,000)." (*Id*.)

Simultaneous with the filing of this Report and Recommendation, the Court granted Plaintiff's request to proceed in this case without prepayment of the filing fee. (Order, ECF No. 6.) However, the authority to proceed without payment of fees is not without limitation.

When a party seeks to proceed without the prepayment of fees, § 1915 requires the court to screen the party's complaint. Under 28 U.S.C. § 1915(e)(2), sua sponte dismissal of the case is required if the court determines that the action 1) is frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks relief from a defendant who is immune from suit. Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action."[1] After application of these standards, the undersigned Magistrate Judge issues the following report and recommendation of dismissal pursuant to 28 U.S.C. § 636(b)(1)(B).

Fed. R. Civ. P. 8(a)(2) requires that a complaint provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Additionally, the complaint must state more than "labels and conclusions" and "[f]actual allegations must be enough to raise a right to relief above the speculative level."[2] Because Plaintiff proceeds pro se, his pleadings must be liberally construed.[3] However, he still bears the burden to allege "sufficient facts on which a recognized legal claim could be based"[4] and the Court cannot "take on the responsibility of serving as his attorney in constructing arguments and searching the record."[5] Fed. R. Civ. P. 8 "demands more than naked assertions."[6]

---

[1] *King v. Huffman*, No. 10-4152-JAR, 2010 WL 5463061, at *1 (D. Kan. Dec. 29, 2010) (citing Fed. R. Civ. P. 12(h)(3)) (emphasis added).
[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[3] *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).
[4] *Id*.
[5] *Mays v. Wyandotte County Sheriff's Dep't*, 419 F. App'x 794, 796 (10th Cir. 2011) (internal edits omitted) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005)).
[6] *Cohen v. Delong*, 369 F. App'x 953, 957 (10th Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)).

On review of the allegations of the Complaint, the undersigned concludes there is an insufficient factual basis in the Complaint to raise a right to relief above the speculative level. Plaintiff's Complaint contains no allegations at all specific to defendant Laureate Education, and it is entirely unclear from Plaintiff's contentions how the two Defendants are related, if they in fact are. Although he checks the box on the form Complaint to contend a violation of his civil rights, Plaintiff makes no attempt to describe how his failure to attain graduation constitutes a violation of his federal civil rights. By failing to provide any factual support for his allegations, Plaintiff fails to state a claim upon which relief may be granted, and the court has no choice but to recommend dismissal.

Accordingly, **IT IS THEREFORE RECOMMENDED** that Plaintiff Mike Allen's claims against Laureate Education and Walden University, School of Public Policy and Administration be dismissed for failure to state a cognizable claim under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B).

**IT IS ORDERED** that a copy of this recommendation shall be mailed to Plaintiff by certified mail. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), Plaintiff may file a written objection to the proposed findings and recommendations with the clerk of the district court within fourteen (14) days after being served with a copy of this report and recommendation. Failure to make a timely objection waives appellate review of both factual and legal questions.[7]

---

[7] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 13th day of April, 2021.

                                        <u>s/ Gwynne E. Birzer</u>
                                        GWYNNE E. BIRZER
                                        United States Magistrate Judge